LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FRANCISCO HUERTA,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

        Plaintiff,

v.

WEST 62 OPERATING LLC d/b/a ROSA MEXICANO,
ROSA MEXICANO MURRAY, LLC
    d/b/a ROSA MEXICANO,
ROSA MEXICANO USQ, LLC
    d/b/a ROSA MEXICANO,
FENIX REST. INC. d/b/a ROSA MEXICANO, and
HOWARD GREENSTONE,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

      Plaintiff, FRANCISCO HUERTA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, WEST 62 OPERATING LLC d/b/a ROSA MEXICANO, ROSA MEXICANO MURRAY, LLC d/b/a ROSA MEXICANO, ROSA MEXICANO USQ, LLC d/b/a ROSA MEXICANO, FENIX REST. INC. d/b/a ROSA MEXICANO (together the "Corporate

1

Defendants"), and HOWARD GREENSTONE (the "Individual Defendant" and collectively with the Corporate Defendants, the "Defendants") states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit, (2) unpaid wages due to time shaving, (3) unreimbursed expenses of "tools of the trade" and maintenance/repair costs, (4) liquidated damages, and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit, (2) unpaid wages due to time shaving, (3) unpaid spread of hours premium, (4) unreimbursed expenses of "tools of the trade" and maintenance/repair costs, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, FRANCISCO HUERTA, is a resident of Bronx County, New York.

6. The Defendants operate a restaurant enterprise using the common trade name "Rosa Mexicano." There are four locations of Rosa Mexicanos in New York City[1]:

---

[1] Rosa Mexicano also has locations nationally in California, Florida, Massachusetts, New Jersey, Georgia, Washington D.C., Maryland, and Minnesota, as well as worldwide locations in Dubai and Puerto Rico.

2

a. 61 Columbus Ave., New York, NY 10023 ("Rosa Mexicano Lincoln Center");

b. 41 Murray St., New York, NY 10007 ("Rosa Mexicano Tribeca");

c. 9 East 18th St., New York, NY 10003 ("Rosa Mexicano Union Square"); and

d. 1063 1st Ave., New York, NY 10022 ("Rosa Mexicano First Avenue").

Collectively, the restaurants listed above are referred to herein as the "Rosa Mexicano Restaurants." Each of the above businesses is advertised jointly as a single integrated enterprise on Defendants' website located at http://rosamexicano.com. Employees, food, and supplies are freely interchangeable among the four locations. Each of the Rosa Mexicano Restaurants share a common look and feel, use the same logos, and food items served are similar. All Rosa Mexicano Restaurants operate under the same wage and hour policies as established by the Individual Defendants.

7. Corporate Defendants:

a. WEST 62 OPERATING LLC is a limited liability company organized under the laws of the State of New York. WEST 62 OPERATING LLC controls Rosa Mexicano Lincoln Center. Its principal place of business is located at 61 Columbus Ave., New York, NY 10023. Its address for service of process is c/o Corporation Service Company, 80 State Street, Albany, NY 12207;

b. ROSA MEXICANO MURRAY, LLC is a limited liability company organized under the laws of the State of New York. ROSA MEXICANO MURRAY, LLC controls Rosa Mexicano Tribeca. Its principal place of business is located at 41 Murray St., New York, NY 10007. Its address for service of process is c/o Corporation Service Company, 80 State St., Albany, NY 12207;

      c.    ROSA MEXICANO USQ, LLC is a limited liability company organized under the laws of the State of New York. ROSA MEXICANO USQ, LLC controls Rosa Mexicano Union Square. Its principal place of business is located at 9 East 18th St., New York, NY 10003. Its address for service of process is c/o Corporation Service Company, 80 State Street, Albany, NY 12207;

      d.    FENIX REST. INC. is a business corporation organized under the laws of the State of New York. FENIX REST. INC. controls Rosa Mexicano First Avenue. Its principal place of business and address for service of process is 1063 1st Ave., New York, NY 10022.

8.    Individual Defendant, HOWARD GREENSTONE is an owner and principal officer of Corporate Defendants. He exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class at the Rosa Mexicano Restaurants. At all times, employees could complain to Defendant GREENSTONE directly regarding any of the terms of their employment, and Defendant GREENSTONE would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant GREENSTONE is always present at the places of business and directly reprimands any employee who does not perform his duties correctly. He also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

9.    At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees (including waiters, busboys, runners, bartenders, deliverymen and barbacks) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage due to invalid tip credit and unpaid wages due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. With respect to all FLSA Collective Plaintiffs, Defendants were not entitled to take any tip credits under the FLSA, because they failed to satisfy all statutory requirements for taking a tip credit.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, (including, waiters, busboys, runners, bartenders, barbacks, food preparers, cooks, line-cooks and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of waiters, busboys, runners, bartenders, deliverymen and barbacks ("Tipped Subclass") who also number more than forty (40). Plaintiff FRANCISCO HUERTA is a member of both the Class and the Tipped Subclass.

17. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of (i) failing to compensate employees for all hours worked due to a policy of time

6

shaving, (ii) failing to pay Class members spread of hours premium for days worked over 10 hours, and (iii) failing to provide proper wage notice and wage statements to employees. With respect to the Tipped Subclass, Defendants also failed to pay the proper minimum wage. Defendants were not entitled to take any tip credits because they failed to satisfy all statutory requirements for taking a tip credit. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the

claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.  Defendants and other employers throughout the states violate the state laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21.  There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of the applicable state law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly provided notice to the Tipped Subclass members that Defendants were taking a tip credit;

e) Whether Defendants provided proper wage statements informing the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements;

f) Whether Defendants took the proper amount of tip credit allowance under the applicable state law;

g) Whether Defendants established the tip payment structure for the Tipped Subclass members;

h) Whether Defendants paid Plaintiff and Tipped Subclass members the federal and state minimum wage for all hours worked;

i) Whether Defendants compensated Plaintiff and a sub-class of tipped employees who were delivery persons for their "tools of the trade" (i.e. bicycles used to make deliveries) and costs concomitant to the service and maintenance for such vehicles.

j) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the applicable state law;

k) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by the applicable state law;

l) Whether Defendants paid Plaintiff and Class members a spread of hours premium for days on which they worked 10 hours or more; and

    m) Whether Defendants caused time shaving by forcing employees to work through their break times and altering their clock in/out sheets.

## STATEMENT OF FACTS

22. In or around June 2010, Plaintiff FRANCISCO HUERTA was hired by Defendants to work for the Rosa Mexicano Lincoln Center location as a deliveryman. Plaintiff FRANCISCO HUERTA's employment ended in or around May 2014.

23. Throughout his employment, Plaintiff HUERTA worked from 11:30 a.m. to 10:30 p.m. on Tuesdays, Thursdays, Fridays, and Saturdays; and from 5:00 p.m. to 10:30 p.m. on Wednesdays and Sundays. Under this schedule, Plaintiff HUERTA worked a total of 55 hours per week.

24. From the start of Plaintiff HUERTA's employment, until December 31, 2013 Plaintiff HUERTA was paid an hourly rate of $7.25. Starting in December 31, 2013 to February 1, 2014, Plaintiff HUERTA was paid an hourly rate of $8.00. From February 1, 2014 until the end of his employment in or around May 2014, Plaintiff HUERTA was paid an hourly rate of $7.25.

25. Throughout Plaintiff HUERTA's employment, although he was working 55 hours per week, Plaintiff HUERTA's manager Andrew [LNU] would adjust Plaintiff HUERTA's clock in/out records so that it would show that Plaintiff HUERTA had only worked 35 to 40 hours per week. Additionally, Plaintiff HUERTA was made to clock out for one hour each day for lunch, even though he would work through the break period. During these "lunch breaks", Plaintiff Huerta would continue to make deliveries, and also deliver and transfer ingredients between different restaurant locations. FLSA Collective Plaintiffs and Class members were similarly harmed by Defendants' time shaving policies.

10

26.     During Plaintiff HUERTA's employment by Defendants, he was required to spend 2.5 hours of each shift engaged in non-tipped activities, which included transferring ingredients between different restaurant locations, cooking, dishwashing, sweeping/mopping, and unloading incoming deliveries. Other tipped employees, were similarly required to engage in non-tipped activities for at least 2 hours per shift or 20% of their workday.

27.     Throughout Plaintiff HUERTA's employment, despite regularly working 10 hours a day or more, he was never paid a spread of hours premium. Class members were similarly never paid a spread of hours premium for 10 plus hour workdays, by Defendants.

28.     Throughout Plaintiff HUERA's employment, Defendants failed to compensate Plaintiff for the bicycle he used to make deliveries, or pay costs associated with the bicycle's repair or maintenance. The cost and maintenance of Plaintiff HUERTA's bicycle, while he was working for Defendants, totaled approximately $450.00. Similarly, Defendants failed to compensate other delivery employees for the bicycles that they used to make deliveries, or pay for the repair and maintenance of their bicycles.

29.     Due to an invalid tip credit, from February 1, 2014 until the end of his employment, Plaintiff HUERTA was paid an hourly rate ($7.25) below the standard New York State minimum wage. Defendants similarly paid Tipped Subclass members at hourly rates below the standard New York State minimum wage.

30.     Plaintiff, FLSA Collective Plaintiffs (who were tipped employees) and Tipped Subclass members did not receive proper notice that Defendants were claiming a tip credit on tipped employees' compensation.  Furthermore, they did not receive proper wage statements, informing them of the amount of tip credit allowance taken for each payment period, among other requirements, during their employment. Specifically, Plaintiff, FLSA Collective Plaintiffs (who were tipped employees) and Tipped Subclass members, would receive wage statements

that uniformly reflected an exact amount of $155.28 as cash received in tip for the week. Even though the amount of tips received varied from week to week, the wage statements always fraudulently reflected that $155.28 was received in tips.

Defendants paid Plaintiff, FLSA Collective Plaintiffs (who were tipped employees), and the Tipped Subclass, an invalid "tip credit" minimum wage, which is less than the New York State minimum wage.  Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL and (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL.

31. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class members for all hours worked due to a policy of time shaving.

32. Defendants unlawfully failed to pay Plaintiff and Class members the proper spread of hours premium for days worked over 10 hours.

Defendants unlawfully failed to provide Plaintiff or Class members with proper wage notices or wage statements as required by NYLL. No wage notices were provided by Defendants, and the wage statements failed to provide the accurate number of hours worked and the phone number of the employer. With respect to the Tipped Subclass, Defendants also failed to disclose the amount of tip credit claimed in each pay period.

33. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

34. Plaintiff realleges and reavers Paragraphs 1 through 37 of this class and collective action Complaint as if fully set forth herein.

35. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

36. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

37. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

38. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time shaving.

39. At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. As factually described above, Defendants were not entitled to claim any tip credits under FLSA.

40. Defendants knowingly and willfully violated Plaintiff HUERTA's and delivery employees' rights under the FLSA by failing to compensate them for "tools of the trade" and maintenance/repair costs.

41. Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the

possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid wages due to time shaving, and unreimbursed "tools of the trade" and maintenance/repair costs, plus an equal amount as liquidated damages.

45. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

48. Plaintiff realleges and reavers Paragraphs 1 through 48 of this class and collective action Complaint as if fully set forth herein.

46. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the applicable state law.

47. Defendants knowingly and willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them minimum wages in the lawful amount for hours worked. As factually described above, Defendants were not entitled to claim any tip credits.

48. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff and Class members for all hours worked, due to a policy of time shaving. The wage statements of Plaintiff and Class members did not accurately reflect their hours worked.

49. Defendants violated the rights of Plaintiff HUERTA and Class members under the New York Labor Law by failing to pay them "spread of hours" premiums for each day of their workweeks exceeding 10 hours in length.

50. Defendants knowingly and willfully violated Plaintiff HUERTA and delivery employees' rights under the New York Labor Law by failing to compensate them for "tools of the trade" and maintenance/repair costs.

51. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the applicable state law.

52. Defendants failed to provide proper wage statements with every payment as required by the applicable state law.

53. Due to the Defendants' state law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages (with respect to the Tipped Subclass), unpaid compensation due to time shaving, unpaid spread of hours premium, unreimbursed expenses for tools of the trade and maintenance/repair, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the applicable state law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the applicable state law;

b.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.     An award of unpaid minimum wages due under the FLSA and the applicable state laws;

d.     An award of unpaid wages due to time shaving under the applicable state law;

e.     An award of unpaid spread of hours premium under the applicable state law;

f.     An award of unreimbursed expenses for tools of the trade and maintenance/repair;

g.     An award of statutory penalties as a result of Defendants' failure to comply with state law wage notice and wage statement requirements;

h.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and unpaid wages due to time shaving pursuant to 29 U.S.C. § 216;

i.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, unpaid wages due to time shaving, and spread of hours premium, pursuant to the applicable state laws;

j.     An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.     Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.      Designation of this action as a class action pursuant to F.R.C.P. 23;

l.     Designation of Plaintiff as Representative of Class; and

    m.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 24, 2016

                              Respectfully submitted,

                              LEE LITIGATION GROUP, PLLC
                              C.K. Lee (CL 4086)
                              Anne Seelig (AS 3976)
                              30 East 39th Street, Second Floor
                              New York, NY 10016
                              Tel.: 212-465-1188
                              Fax: 212-465-1181

                              *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:   /s/ C.K. Lee
        C.K. Lee, Esq. (CL 4086)